Laura A. Wytsma (Bar No. 189527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, California 90067
(310) 282-2000

Douglas N. Masters (*pro hac* applicant)
dmasters@loeb.com
Thomas P. Jirgal (Bar No. 202637)
tjirgal@loeb.com
Elisabeth K. O'Neill (*pro hac* applicant)
eoneill@loeb.com
LOEB & LOEB LLP
321 North Clark Street, Ste. 2300
Chicago, Illinois 60654
(312) 464-3100

Attorneys for plaintiff Eagles, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eagles, Ltd.<br><br>               Plaintiff,<br><br>          v.<br><br>Hotel California Baja, LLC; and Does 1-10,<br><br>               Defendants. | Case No.: CV-17-3276<br><br>COMPLAINT FOR:<br><br>(1) Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1125;<br><br>(2) Common Law Unfair Competition and Trademark Infringement<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Eagles, Ltd. brings this Complaint against Hotel California Baja, LLC and Does 1-10 ("Defendants") and alleges for its Complaint as follows:

## PRELIMINARY STATEMENT

1.     The Eagles are one of the United States' most successful bands, and "Hotel California" is arguably the band's most popular song.  The band, and the song "Hotel California," are instantly recognizable by a large portion of the United States population.  For over 30 years, the Eagles have sold merchandise bearing the trademark HOTEL CALIFORNIA (the "HOTEL CALIFORNIA Mark"), which has come to be associated uniquely with the band.

2.     In disregard of Plaintiff's longstanding common law rights in the HOTEL CALIFORNIA Mark, Defendants, on information and belief, are selling merchandise that bears the HOTEL CALIFORNIA Mark to consumers in the United States, and to U.S. consumers who visit a hotel in Todos Santos, Mexico that caters to U.S. tourists ("Todos Santos Hotel").

3.     Through advertising targeted to U.S. consumers, and in-person communications, Defendants lead U.S. consumers to believe that the Todos Santos Hotel is associated with the Eagles and, among other things, served as the inspiration for the lyrics in "Hotel California," which is false.  Multiple online reviews make clear that U.S. consumers who visit the Todos Santos Hotel and buy Defendants' merchandise do, in fact, believe that the Todos Santos Hotel is associated with the Eagles, which is not the case.

4.     Defendants never sought to obtain a license to use Plaintiff's trademark rights in HOTEL CALIFORNIA, and Plaintiff did not grant Defendants a license. Defendants' unlawful actions are causing substantial injury to Plaintiff in the United States.  Through this action, Plaintiff seeks to enjoin Defendants' unlawful activities and to recover all profits that Defendants have obtained from these activities, as well as Plaintiff's reasonable attorneys' fees.

**JURISDICTION AND VENUE**

5.     This action seeks injunctive relief, damages, and other appropriate relief and arises under the laws of the United States, specifically, the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. and California state law.

6.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.  It has supplemental jurisdiction of the common law claims pursuant to 28 U.S.C. § 1367 in that those claims are related to claims under this Court's original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

7.     The Court has personal jurisdiction over Defendants because Defendants have established minimum contacts with the forum and the exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.  On information and belief, Defendants have voluntarily conducted business and solicited customers in this District.  On information and belief, Defendants conduct continuous and systematic business in the state of California and, specifically, in this District.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) in that Defendant Hotel California Baja, LLC maintains its principal place of business in this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

**PARTIES**

9.     Plaintiff Eagles, Ltd. ("Plaintiff") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Monica, California.  Plaintiff owns the goodwill associated with the Eagles, including all trademark rights.

10.     Defendant Hotel California Baja, LLC ("Baja LLC") is a California limited liability company with its principal place of business in Beverly Hills, California.

11.     On information and belief, Does 1–10 (collectively, the "Doe Defendants") are individuals and business entities in the travel and hospitality industry who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor.  The identities of these Doe Defendants presently are not and cannot be known to Plaintiff, but these persons and/or entities will be added as named defendants to this action as and when they are identified.

## FACTS

### Plaintiff's Mark

12.     The Eagles formed in 1971 and went on to become one of most successful American rock bands of all time.  Every album that the Eagles have released since 1972 has been certified platinum, and three albums have sold in excess of ten million copies each.  The Eagles' *Their Greatest Hits 1971-1975* album is one of the best-selling albums of the 20th century in the United States with sales in excess of 29 million units.

13.     Although their first album, *Eagles*, released in 1972, met with immediate acclaim and sales, the Eagles' most successful album of original material was *Hotel California*, released at the end of 1976.  The lead song on this album, which is also called "Hotel California," is arguably the band's most popular song, and in many ways embodies the very essence of the band itself.  The song continues to be hugely popular, and the song's name has become synonymous with the band.

14.     Given the timeless nature of the many hits by the Eagles, including "Hotel California," the band enjoys instant name recognition.

15.     Starting in the late 1970s, many years prior to the start of the infringing activities by Defendants described below, and continuing today, Plaintiff marketed and engaged in the retail sale and distribution of a variety of merchandise under the HOTEL CALIFORNIA Mark, beginning with t-shirts and posters, and later expanding to include sweatshirts, bathrobes, keychains, playing cards, mugs, guitar picks, and refrigerator magnets.  Examples of some of the products sold by Plaintiff and its licensees are shown below:

16.     By virtue of this longstanding use of the HOTEL CALIFORNIA Mark,

 

Plaintiff acquired in the late 1970s and now owns common law rights in the HOTEL CALIFORNIA Mark for a variety of goods and services, including the merchandise listed above.  Plaintiff also owns a pending application Serial No. 87/306,414 to register HOTEL CALIFORNIA with the United States Patent and Trademark Office ("USPTO") for key chains, guitar picks, posters, t-shirts, sweatshirts, bathrobes, and playing cards.

17.     As a result of Plaintiff's longstanding advertisement, promotion, and sale of goods and services in connection with the HOTEL CALIFORNIA Mark, HOTEL CALIFORNIA has developed substantial consumer recognition and valuable goodwill, and such goodwill had become uniquely identified with Plaintiff and the Eagles.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

COMPLAINT

**Defendants' Infringing Activities**

18.     On information and belief, in 2001, Debbie and John Stewart purchased a small hotel in Todos Santos, Mexico that had originally opened under the name Hotel California in 1950, but subsequently went through name and ownership changes ("Todos Santos Hotel").  On information and belief, the Stewarts sought to revitalize the hotel and create a reputation for it, based at least partially on the hotel's reputed, but false, connection to the Eagles.  The Stewarts marketed the Todos Santos Hotel as "Hotel California."

19.     On information and belief, Defendant Baja LLC runs a merchandising operation from this District that manufactures and sells a wide variety of clothing and other merchandise featuring the Plaintiff's HOTEL CALIFORNIA Mark ("Infringing Merchandise").

20.     On information and belief, Defendants advertise and sell their Infringing Merchandise directly to consumers in the United States.  On information and belief, Defendants also advertise and sell their Infringing Merchandise to U.S. consumers who visit the Todos Santos Hotel under the false belief that the hotel is associated with the Eagles.  On information and belief, consumers who visit the hotel and purchase Defendants' merchandise then return to the United States with the Infringing Merchandise and inform others that they have visited "the" Hotel California made famous by the Eagles.

21.     On information and belief, Defendants actively encourage consumers to believe that the Todos Santos Hotel is associated with the Eagles to further their sale of Infringing Merchandise.  On information and belief, Defendants' actions in this regard include playing "Hotel California" and other Eagles songs throughout the Todos Santos Hotel, and selling t-shirts in the gift shop that refer to the hotel as "legendary."  Such a designation only makes sense if the Todos Santo Hotel is somehow connected with the Eagles' famous and legendary song, which it is not.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

COMPLAINT

22.     On information and belief, Defendants have succeeded in convincing a substantial portion of U.S. consumers that the Todos Santos Hotel and Defendants' Infringing Merchandise are authorized by, sponsored by, associated with, or otherwise affiliated with Plaintiff and the Eagles.  As reflected in Exhibit A, online reviews for the Todos Santos Hotel often refer to the hotel as "THE Hotel California of Eagles fame," or in other similar ways that clearly evidence a belief by consumers that the hotel is associated with the Eagles.

23.     On information and belief, Defendants have already sold substantial quantities of merchandise in U.S. commerce, and continue to do so, and have plans to continue such sales, notwithstanding Plaintiff's earlier-acquired rights in the trademark HOTEL CALIFORNIA for goods including clothing and accessories. Toward this unlawful end, Defendant Baja LLC filed a trademark application Serial No. 86/822,138 with the USPTO on November 16, 2015 to register HOTEL CALIFORNIA for a broad range of goods, including clothing and accessories.

24.     At no time have Defendants obtained a license, authorization, or other permission to exploit the HOTEL CALIFORNIA Mark in the manner described herein.

25.     Upon information and belief, Defendants have used the HOTEL CALIFORNIA Mark with knowledge of, and in willful disregard of, Plaintiff's prior rights and with the bad faith intent to obtain a commercial advantage for their merchandise that Defendants otherwise would not have.  Accordingly, Defendants continuing acts constitute an intentional violation of Plaintiff's rights.

26.     Defendants' aforesaid acts are likely to cause confusion, mistake or deception, in that consumers and others are likely to believe that Defendants' Infringing Merchandise is authorized, sponsored or approved by, or otherwise affiliated with, Plaintiff.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

COMPLAINT

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement Under 15 U.S.C. § 1125(a))**

27.     Plaintiff incorporates by reference Paragraphs 1 through 26 above as though fully set forth herein.

28.     Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services.

29.     Upon information and belief, Defendants adopted and used Plaintiff's HOTEL CALIFORNIA Mark on the Infringing Merchandise with full knowledge of, and in willful disregard of Plaintiff's rights in the mark, and with the intent to obtain a commercial advantage that Defendants otherwise would not have had.

30.     Defendants' acts constitute willful trademark infringement under 15 U.S.C. § 1125(a).

31.     Defendants' acts are greatly and irreparably damaging to Plaintiff in the United States and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Common Law Trademark Infringement and Unfair Competition)**

32.     Plaintiff incorporates by reference Paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services.

34.     Upon information and belief, Defendants adopted and used Plaintiff's HOTEL CALIFORNIA Mark on the Infringing Merchandise with full knowledge of, and in willful disregard of Plaintiff's rights in the mark, and with the intent to obtain a commercial advantage that Defendants otherwise would not have had.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

COMPLAINT

35.     Defendants' aforesaid acts constitute trademark infringement, unjust enrichment, and unfair competition in violation of the common law of the various States, including the State of California.

36.     Defendants' acts are greatly and irreparably damaging to Plaintiff in the United States and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment that:

1.     Defendants have violated the Lanham Act, 15 U.S.C. § 1125, and California common law, and that such violations were willful and intentional, making this an exceptional case.

2.     Defendants and their officers, agents, servants, distributors, affiliates, employees, attorneys, and representatives, and all those in privity or acting in concert with Defendants or on Defendants' behalf, be preliminarily and permanently enjoined and restrained from, directly or indirectly:

a.     Using the HOTEL CALIFORNIA Mark, or any substantially similar variation thereof, on or in connection with Defendants' goods or services, including, without limitation, clothing and accessories; and

b.     Doing any act or thing likely to induce the belief that Defendants' goods or services are in any way legitimately connected with, or sponsored or approved by, Plaintiff.

3.     Defendants and their officers, agents, servants, distributors, affiliates, employees, attorneys, and representatives, and all others in active concert or participation with any of them, be required to:

a.     pay to Plaintiff the actual damages sustained as a result of Defendants' wrongful conduct in accordance with 15 U.S.C. § 1117, and the common law of California;

COMPLAINT

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1        b.      account for and pay over to Plaintiff all profits derived by

2   Defendants from its complained of acts, in accordance with 15 U.S.C. § 1117

3   and common law of California;

4        c.      pay to Plaintiff the greater of three times the damages

5   Platen has suffered as a result of the complained-of acts of Defendants or

6   three times Defendants' profits, in accordance with 15 U.S.C. § 1117;

7        d.      pay to Plaintiff exemplary damages in a sum sufficient to

8   deter Defendants from future acts complained of in this action;

9        e.      pay to Plaintiff the costs of this action together with

10   Plaintiff's reasonable attorneys' fees and disbursements, in accordance with

11   15 U.S.C. § 1117; and

12        f.      file with this Court and serve on Plaintiff a report in

13   writing under oath setting forth in detail the manner and form in which

14   Defendant has complied with the terms of any injunction entered by this

15   Court, in accordance with 15 U.S.C. § 1116.

16        4.      Plaintiff be awarded such other and further relief as the Court

17   may deem just and proper.

18

19   Dated:  May 1, 2017                    LOEB & LOEB LLP
                                            LAURA A. WYTSMA
20                                          DOUGLAS N. MASTERS
                                            THOMAS P. JIRGAL
21                                          ELISABETH K. O'NEILL

22

23                                   By: */s/ Laura A. Wytsma*
                                          Laura A. Wytsma
24                                        Attorneys for Plaintiff
                                          EAGLES, LTD.
25

26

27

28

10                                      COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Eagles, Ltd. hereby demands a trial by jury on all issues so triable.

Dated:  May 1, 2017

LOEB & LOEB LLP
LAURA A. WYTSMA
DOUGLAS N. MASTERS
THOMAS P. JIRGAL
ELISABETH K. O'NEILL ELISABETH K.
O'NEILL

By: */s/ Laura A. Wytsma*
      Laura A. Wytsma
      Attorneys for Plaintiff
      EAGLES, LTD.